ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| ORIENTAL BANK & TRUST<br><br>Parte Recurrida<br><br>V.<br><br>ADRIÁN MERCADO JIMÉNEZ<br><br>Parte Peticionaria | KLCE202400421 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala San Juan<br><br>Caso Núm.<br>K CD2010-1717<br><br>Sobre:<br>Cobro de Dinero |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres, la Jueza Rivera Pérez y el Juez Campos Pérez

Rivera Pérez, Jueza ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 17 de abril de 2024.

Comparece por derecho propio la parte demandada y peticionaria, el Lcdo. Adrián Mercado Jiménez (en adelante, Lcdo. Mercado Jiménez o peticionario), mediante el presente recurso de *Certiorari* y nos solicita la revisión de la *Orden* emitida el 7 de marzo de 2024 y notificada el 13 de marzo de 2024 por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, TPI). Mediante este dictamen, el TPI atendió y declaró académicas dos (2) mociones informativas presentadas en el caso.

Por los fundamentos que expondremos, se deniega la expedición del presente recurso de *Certiorari*.

**I**

Luego de varios trámites procesales en el caso de marras, el 16 de octubre de 2023, notificada el 18 de octubre de 2023, el TPI, por voz de la Hon. Glorianne Lotti Rodríguez, emitió una *Resolución*[1] mediante la cual denegó la *Solicitud de Recusación*[2] presentada el 30

---

[1] Apéndice del *Certiorari*, págs. 166-173.
[2] Apéndice del *Certiorari*, págs. 120-123.

Número Identificador

RES2024_____

de agosto de 2023 por el Lcdo. Mercado Jiménez en contra de la Hon. Valerie Concepción Cintrón.

El 1 de noviembre de 2023, el Lcdo. Mercado Jiménez presentó una *Moción de Reconsideración y Solicitud de Recusación*,[3] la cual fue declarada No Ha Lugar por el TPI mediante *Orden* emitida el 22 de diciembre de 2023 y notificada el 26 de diciembre de 2023.[4]

Inconforme con dicha determinación, el Lcdo. Mercado Jiménez acudió el 23 de enero de 2024 ante este Tribunal de Apelaciones mediante un recurso de *Certiorari*[5] (KLCE202400094). La expedición de este recurso fue denegada mediante la *Resolución* emitida el 29 de enero de 2024 y notificada el 30 de enero de 2024.

Así las cosas, el 7 de marzo de 2024, notificada el 13 de marzo de 2024, el TPI, por voz de la Hon. Valerie Concepción Cintrón emitió la *Orden*[6] aquí recurrida en atención a dos (2) mociones informativas que tenía pendientes ante su consideración. En su dictamen, el TPI dispuso lo siguiente:

> "1.  MOCIÓN INFORMATIVA Y SOLICITUD DE CONVERSIÓN DE VISTA A ESTADO DE LOS PROCEDIMIENTOS: ACADÉMICA.
> 2. MOCIÓN INFORMATIVA: ACADÉMICA."

En desacuerdo con el dictamen del TPI, el Lcdo. Mercado Jiménez acudió el 11 de abril de 2024 ante nos mediante el presente recurso de *Certiorari* solicitando su revisión. El peticionario señala en su recurso que el TPI cometió el error siguiente:

> INCIDIÓ Y ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL EMITIR UNA ORDEN EL 7 DE MARZO DE 2024 CUANDO EL MANDATO A[Ú]N SE ENCONTRABA EN EL TRIBUNAL DE APELACIONES, Y PRIVA AL RECURRENTE DE COMPARECER Y LITIGAR EN UNA SANA, JUSTA Y EFICIENTE ADMINISTRACIÓN JUDICIAL, TODO ELLO CAUSANDO AL RECURRENTE PERDER LA FE EN UN PROCESO JUSTO EN ESTE LITIGIO ANTE LA JUEZA VALERIE CONCEPCIÓN CINTRÓN.

---

[3] Apéndice del *Certiorari*, págs. 173-179.
[4] Apéndice del *Certiorari*, págs. 183-184.
[5] Apéndice del *Certiorari*, págs. 53-196.
[6] Apéndice del *Certiorari*, págs. 197-198.

Examinado el presente recurso, procedemos a disponer del mismo sin necesidad de ulterior trámite, conforme autoriza la Regla 7(B)(5) de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 7(B)(5).

**II**

**A.**

El recurso de *certiorari* es "un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior". *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012). Véase, además, *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). En el ámbito judicial, el concepto discreción "no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho". *IG Builders et al. v. BBVAPR*, supra, pág. 338. La discreción, "es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera." *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, supra, a la pág. 174.

En el caso particular del Tribunal de Apelaciones, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita los asuntos interlocutorios que podemos revisar mediante un recurso de *certiorari*, bajo el entendimiento de que estos pueden esperar hasta la conclusión del caso para ser revisados en apelación. *IG Builders et al. v. BBVAPR*, supra, pág. 337. Al respecto, la Regla 52.1 de Procedimiento Civil, *supra*, dispone específicamente que el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de Procedimiento Civil, 32 LPRA Ap. V, R. 56 y 57, o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción

a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. *Íd.* Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd.*

A su vez, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que el Tribunal de Apelaciones deberá tomar en consideración al determinar si procede la expedición de un recurso de *certiorari* o de una orden de mostrar causa. Estos son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

La precitada regla mandata que, como foro apelativo, evaluemos si alguna de las instancias enumeradas anteriormente es de aplicación a la petición de *certiorari*. De alguna estar presente,

podemos ejercer nuestra discreción e intervenir con el dictamen recurrido. Por el contrario, estaremos impedidos de expedir el auto, y por lo tanto deberá prevalecer la determinación del foro recurrido. Los criterios antes transcritos sirven de guía para poder determinar, de manera sabia y prudente, si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra el caso. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008).

De ordinario, los tribunales apelativos no debemos intervenir con las decisiones discrecionales de un Tribunal de Primera Instancia a menos que se demuestre que dicho foro incurrió en un abuso de discreción, y que nuestra intervención evitaría un perjuicio sustancial. *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 435 (2013). En todo caso, el criterio rector al momento de evaluar si un tribunal ha abusado de su discreción es la razonabilidad de la determinación impugnada, y su fundamento en un sentido llano de justicia. *Id.,* págs. 434-435.

**B.**

En cuanto a los efectos que tiene la presentación de un recurso de apelación o *certiorari* en la autoridad del tribunal recurrido, la Regla 52.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.3, dispone lo siguiente:

> (a) Una vez presentado el escrito de apelación, se suspenderán todos los procedimientos en los tribunales inferiores respecto a la sentencia o parte de ésta de la cual se apela, o las cuestiones comprendidas en ella, salvo orden en contrario, expedida por iniciativa propia o a solicitud de parte por el tribunal de apelación; pero el Tribunal de Primera Instancia podrá proseguir el pleito en cuanto a cualquier cuestión involucrada en el mismo no comprendida en la apelación. Disponiéndose, que no se suspenderán los procedimientos en el Tribunal de Primera Instancia cuando la sentencia disponga la venta de bienes susceptibles de pérdida o deterioro, en cuyo caso el Tribunal de Primera Instancia podrá ordenar que dichos bienes sean vendidos y su importe depositado hasta tanto el tribunal de apelación dicte sentencia.
>
> **(b) La presentación de una solicitud de certiorari no suspenderá los procedimientos ante el tribunal**

**recurrido, salvo orden en contrario, expedida por iniciativa propia o a solicitud de parte por el tribunal de apelación.** La expedición del auto de certiorari suspenderá los procedimientos en el tribunal recurrido, salvo que el Tribunal de Apelaciones disponga lo contrario.

**(c)** La presentación de una solicitud de certificación no interrumpirá los procedimientos ante el Tribunal de Apelaciones o el Tribunal de Primera Instancia, salvo que el Tribunal Supremo disponga lo contrario, por iniciativa propia o a petición de parte. En cuanto a las órdenes de entredicho provisional e injunction, se estará a lo dispuesto en la Regla 57.7.

**(d)** No se suspenderán los efectos de una decisión apelada o recurrida, salvo una orden en contrario expedida por iniciativa propia o a solicitud de parte por el tribunal de apelación, que incluya cualquiera de los remedios siguientes:

   **(1)** Una orden de injunction, de mandamus o de hacer o desistir.
   **(2)** Una orden de pago de alimentos.
   **(3)** Una orden sobre custodia o relaciones filiales. (Énfasis suplido).

Por otra parte, y en lo pertinente al caso ante nuestra consideración, sobre los efectos de la presentación de un recurso de *certiorari* en casos civiles, la Regla 35 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 35, preceptúa lo siguiente:

**(A) En casos civiles**

**(1) La presentación de una solicitud de *certiorari* no suspenderá los procedimientos ante el Tribunal de Primera Instancia, salvo una orden en contrario expedida por iniciativa propia o a solicitud de parte por el Tribunal de Apelaciones.** La expedición del auto de *certiorari* suspenderá los procedimientos en el Tribunal de Primera Instancia, salvo que el Tribunal de Apelaciones disponga lo contrario.

(2) Si la resolución recurrida dispusiera la venta de cosas susceptibles de pérdida o deterioro, el Tribunal de Primera Instancia podrá ordenar que se vendan las mismas y que se deposite su importe hasta que el Tribunal de Apelaciones resuelva el recurso.

(3) No se suspenderán los efectos de una decisión recurrida, salvo una orden en contrario expedida por iniciativa propia o a solicitud de parte por el Tribunal de Apelaciones, que incluya cualquiera de los remedios siguientes:

   (a) una orden de *injunction,* de *mandamus* o de hacer o desistir; (b) una orden de pago de alimentos; (c) una orden sobre custodia o relaciones filiales." (Énfasis suplido).

Una vez el tribunal de superior jerarquía adquiere jurisdicción sobre el asunto presentado para su revisión y emite una determinación que adviene final y firme, tienen que coincidir ciertas condiciones procesales para que el tribunal recurrido vuelva a adquirir jurisdicción sobre el caso.

El mandato es una figura enmarcada dentro de los procesos apelativos judiciales. Se ha definido como el medio que posee un tribunal en alzada de comunicarle a un tribunal inferior qué determinación ha tomado sobre la sentencia objeto de revisión y ordenarle actuar de conformidad con la misma. *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288 (2012). La Regla 84(E) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 84(E), dispone que:

> Transcurridos diez días laborables de haber advenido final y firme la decisión del Tribunal de Apelaciones, el Secretario o Secretaria enviará el mandato al Tribunal de Primera Instancia o a la agencia correspondiente, junto con todo el expediente original, cuando éste haya sido elevado.

Según establecido en la Regla antes citada, una vez el tribunal en alzada emite su determinación, y la misma adviene final y firme, se enviará el mandato correspondiente al foro recurrido. Es en ese momento que el recurso que estaba ante la consideración del foro revisor concluye para todos los fines legales, por lo que se entiende que no es hasta entonces que éste pierde jurisdicción en lo concerniente al asunto. *Colón y Otros v. Frito Lays*, 186 DPR 135 (2012).

### III

En su recurso de *Certiorari*, el Lcdo. Mercado Jiménez señala que erró el TPI al emitir la *Orden* de 7 de marzo de 2024 "cuando el mandato a[ú]n se encontraba en el tribunal de apelaciones". En síntesis, el Lcdo. Mercado Jiménez alega que toda actuación realizada por el TPI, luego de que los asuntos quedaron paralizados

mediante la presentación del recurso de *Certiorari* KLCE202400094 y previo a recibir el mandato del Tribunal de Apelaciones de la *Resolución* de 29 de enero de 2024, es completamente nula.

Examinado el presente recurso a la luz de la Regla 52.1 de Procedimiento Civil, *supra*, y la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, concluimos que este no satisface los criterios establecidos en la Regla 52.1 de Procedimiento Civil, *supra*, y la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, por lo que determinamos denegar su expedición.

A tenor con la normativa expuesta, la presentación de una solicitud de *certiorari* no tiene el efecto de suspender los procedimientos ante el Tribunal de Primera Instancia, salvo que el Tribunal de Apelaciones ordene lo contrario. Solo la expedición del auto de *certiorari* suspenderá los procedimientos en el Tribunal de Primera Instancia.

Según reseñamos, la expedición del recurso de *Certiorari* KLCE202400094 fue denegada por este Tribunal de Apelaciones, por lo que a nuestro juicio el TPI tenía autoridad para continuar con los procedimientos y emitir la orden recurrida. Ante ello, no tenía que esperar hasta que se le remitiera el mandato.[7]

**IV**

Por los fundamentos expuestos, se deniega la expedición del presente recurso de *Certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[7] Según se desprende del Sistema Integral de Apoyo a Tribunales (SIAT), el mandato en el recurso KLCE202400094 fue remitido el 15 de abril de 2024.